**In re Jamesetta Grant SMART, Debtor.**

**Bankruptcy No. 97–40605–JDW.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

Aug. 4, 1997.

Stephanie D. Blair, Savannah, GA, for Debtor.

Sylvia Ford Brown, Savannah, GA, Chapter 13 Trustee.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Debtor's Motion To Set Aside Dismissal With Prejudice. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2). After considering the pleadings, evidence presented and applicable authorities, the Court enters the following findings of fact and conclusions of law in compliance with Federal Rule of Bankruptcy Procedure 7052.

### FINDINGS OF FACT

This case was filed on February 28, 1997. Debtor failed to attend the Meeting of Creditors on April 11, 1997. This case is the second case recently filed by this Debtor.

On April 18, 1997, the Court issued an Order and Notice To Show Cause requiring that unless the Debtor filed a request to be heard on or before May 8, 1997, that the case would be dismissed with prejudice barring refiling of another petition by Debtor within 180 days. Debtor requested a hearing which resulted in a notice dated May 7, 1997 scheduling a hearing on June 12, 1997. On June 11, 1997, Debtor filed a voluntary dismissal of the case. At the hearing on June 12, 1997, unaware of the dismissal filed the previous day, the Court decided to enter an Order Dismissing Chapter 13 Case With Prejudice Before Confirmation. Notice of the entry of the order was served on all parties on June 13, 1997. Consequently, Debtor filed an Emergency Motion To Set Aside Dismissal With Prejudice and requested an expedited hearing on the matter. The motion was heard on June 26, 1997.

### CONCLUSIONS OF LAW

■ Debtor now contends that the Court was without authority to dismiss this case with prejudice following the filing of voluntary dismissal pursuant to 11 U.S.C. § 1307. The Court disagrees. This matter has been previously considered by this Court in *In re McLean*, No. 95–41723 (Bankr.S.D.Ga. February 1, 1997). That case concluded and this case reaffirms the Court's holding that a debtor's right to voluntarily dismiss a Chapter 13 case does not usurp and/or negate the Court's inherent contempt power to impose sanctions against a debtor for the debtor's misconduct during the pendency of a case.

■ In this case, Debtor's second in recent times, Debtor failed to comply with the requirement to attend the § 341(a) Meeting. Without any showing from the Debtor, it appears to the Court that this failure was willful and sufficient to warrant the imposition of sanctions in the form of dismissal with prejudice. When Debtor failed to appear at the June 12, 1997 hearing in order to provide the Court any alternative explanation, the fate of this case was sealed. Debtor's counsel's reliance on the assumption that the Court was rendered powerless to enter any order other than a dismissal of this case without prejudice in response to Debtor's voluntary dismissal is in error.

The law in this area is admittedly somewhat confusing, and made more so by *Cotton v. Bank South, N.A. (In re Cotton)*, 992 F.2d

311 (11th Cir.1993). The *Cotton* case is distinguished from this case in that the Bankruptcy Court in *Cotton* sought to exert it's authority to compel performance of an obligation following the filing of a voluntary dismissal. The decision by the Eleventh Circuit Court of Appeals to the effect that the Bankruptcy Court's authority to enter such an order terminates upon the filing of a voluntary dismissal should not be construed to conclude that the Court's inherent contempt power exists at the discretion of the debtor.

An order has already been entered denying Debtor's motion. This written Memorandum Opinion supplements the Court's findings of fact and conclusions of law stated in open court at the conclusion of the hearing.